18-2125-cv
*Ortiz v. City of New York*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand nineteen.

PRESENT:   José A. Cabranes,
                    Peter W. Hall,
                                *Circuit Judges*,
                    Timothy C. Stanceu,
                                *Judge.**

---

Benjamin Ortiz,

                    *Plaintiff-Appellant*,                                        18-2125-cv

                    v.

City of New York, Julio Gonzalez, New York
City Police Officer, Shield #031228, individually and
in his official capacity, New York City Police
Officer, fictitious name individually and in her
official capacity,

                    *Defendants-Appellees*,

Jane Doe,

                    *Defendant.*

---

* Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**                    LAWRENCE P. LABREW, Law Office of Lawrence LaBrew, New York, NY.

**FOR DEFENDANTS-APPELLEES:**                  NWAMAKA EJEBE (Devin Slack, *on the brief*), Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the June 21, 2018 judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Benjamin Ortiz ("Ortiz") appeals from the judgment of the District Court granting the summary judgment motion of defendants-appellees City of New York and two police officers (jointly, "defendants"). Ortiz contends that the District Court erred in granting summary judgment to defendants on his claims for false arrest and false imprisonment under 42 U.S.C. § 1983.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of summary judgment *de novo*, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019) (internal quotation marks omitted).

A section 1983 claim for false arrest is "is substantially the same as a claim for false arrest under New York law."[2] *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007). To prevail on a claim for false arrest under New York law, a plaintiff must show that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Wright v. Musanti*, 887 F.3d 577, 587 (2d Cir. 2018). The presence of probable cause "is an absolute defense to a false arrest

---

[1] Ortiz's complaint also asserts claims for municipal liability based on inadequate training and supervision and for a substantive due process violation. Because he does not address these claims on appeal, we deem them abandoned. *See United States v. Black*, 918 F.3d 243, 256 (2d Cir. 2019).

[2] Although Ortiz brought separate claims for false arrest and false imprisonment, under New York law, "the tort of false arrest is synonymous with that of false imprisonment." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991). Accordingly, we treat these claims as one.

claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). An officer has probable cause to arrest where she has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Dancy v. McGinley*, 843 F.3d 93, 107 (2d Cir. 2016) (internal quotation marks omitted). "[I]t is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal quotation marks and citation omitted).

Ortiz first contends that the District Court erred in granting summary judgment based on its conclusion that there was no material issue of fact that defendants had probable cause to arrest him. To support his argument, Ortiz argues that the anonymous 911 call to the police reporting a dispute from the vicinity of Ortiz's apartment did not constitute probable cause to arrest. But Ortiz does not dispute that, after the officers entered his apartment and intervened in a dispute between Ortiz and his cousin, Dominique Coe, and her sister, the officers exited the apartment along with the two women. Outside of the apartment, Coe reported to the police that Ortiz had physically assaulted her. Officer Gonzalez observed a scratch on her face consistent with her report. This report from the "putative victim" provided probable cause for Officer Gonzalez to arrest Ortiz. *Panetta*, 460 F.3d at 395.

Ortiz appears to argue further that the officer's initial entry into his apartment to intervene in the dispute was unlawful and that his later arrest was tainted by this illegality. But we have clearly held that the "fruit of the poisonous tree" doctrine does not apply to § 1983 claims. *See Jenkins v. City of New York*, 478 F.3d 76, 91 n.16 (2d Cir. 2007). Accordingly, even if the officers' initial entry into Ortiz's apartment was unlawful, that does not render his later arrest a false arrest.

Ortiz appears to further argue that even if the officers had probable cause to arrest, his arrest nonetheless violated the Fourth Amendment under *Payton v. New York*, 445 U.S. 573 (1980), because the police did not have a warrant and there were no exigent circumstances permitting a warrantless arrest in the home. Assuming *arguendo* that a warrantless arrest in the home supported by probable cause but absent exigent circumstances or consent can form the basis of a false arrest claim, Ortiz's argument is unavailing. Ortiz was arrested in the common hallway of his apartment building after Officer Gonzalez directed Ortiz to enter the hallway and Ortiz complied. We have held that *Payton* protects intrusions into the home, and that "the rule of *Payton* . . . turn[s] on the location of the [arrestee], not the officers, at the time of the arrest." *United States v. Allen*, 813 F.3d 76, 85 (2d Cir. 2016). Since Ortiz was arrested not in his home but in the common hallway, *Payton* does not apply.

## CONCLUSION

We have reviewed all of the arguments raised by Ortiz on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the June 21, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk